**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

**No. 17-4757**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

JOSEPH HARRINGTON,

              Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. George Jarrod Hazel, District Judge.  (8:17-cr-00082-GJH-1)

Submitted:  June 14, 2018                          Decided:  June 18, 2018

Before TRAXLER, DUNCAN, and WYNN, Circuit Judges.

Dismissed in part and affirmed in part by unpublished per curiam opinion.

Stuart A. Berman, LERCH, EARLY & BREWER, CHTD., Bethesda, Maryland, for Appellant.   Kelly O. Hayes, OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joseph Harrington seeks to appeal his 108-month sentence for possessing with intent to distribute heroin in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (2012) and being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1) (2012). His attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but questioning whether the district court erroneously determined that Harrington is a career offender under the Sentencing Guidelines. The Government has filed a motion to dismiss the appeal on the ground that this issue falls within the scope of Harrington's waiver of appellate rights. We dismiss in part and affirm in part.

We review the validity of a defendant's waiver of appellate rights de novo. *United States v. Copeland*, 707 F.3d 522, 528 (4th Cir. 2013). "A defendant may waive the right to appeal his conviction and sentence so long as the waiver is knowing and voluntary." *Id.* "Generally, if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *United States v. Thornsbury*, 670 F.3d 532, 537 (4th Cir. 2012).

Upon review of the plea agreement and the transcript of the Fed. R. Crim. P. 11 hearing, we conclude that Harrington knowingly and voluntarily waived his right to appeal his sentence, reserving only the right to appeal a sentence above the Guidelines range resulting from an adjusted offense level of 29. Because the district court did not impose such a sentence, Harrington's claim that the district court erroneously determined

2

him to be a career offender is barred by his appeal waiver. We therefore grant the Government's motion to dismiss in part and dismiss Harrington's appeal of his sentence.

Pursuant to *Anders*, we have reviewed the entire record and have found no meritorious, nonwaived issues for appeal. We therefore affirm Harrington's conviction. This court requires that counsel inform Harrington, in writing, of the right to petition the Supreme Court of the United States for further review. If Harrington requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Harrington.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

*DISMISSED IN PART;*
*AFFIRMED IN PART*